**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDWIN LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>Town of Cicero, Barrett Marlar, and Detective Stephen Struska, Star No. 485,<br><br>Defendants. | ) | Case No.: 25-cv-2215<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br><br>JURY DEMANDED |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Edwin Lopez was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned Cicero Police Detective Stephen Struska, Star No. 485 ("Struska") was employed by the Cicero Police Department, and was acting under color of state law and as the employee, agent, or representative of the Town of Cicero. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned Town of Cicero employee Barrett Marlar ("Marlar") was employed by the Town of Cicero, and was acting under color of state law and as

the employee, agent, or representative of the Town of Cicero. This Defendant is being sued in their individual capacity.

6. At all times the Town of Cicero was a political division of the State of Illinois, existing under the laws of the State of Illinois. At all relevant times, the Town of Cicero maintained, managed, and/or funded the Cicero Police Department.

## FACTUAL ALLEGATIONS

7. On September 12, 2022, Plaintiff was arrested by Detective Struska inside the Cicero Police Department.

8. After subjecting Plaintiff to a custodial arrest Detective Struska signed a felony complaint against Plaintiff on September 12, 2022, for allegedly committing the offense of criminal damage to property.

9. Plaintiff had not committed the offense of criminal damage to property.

10. The alleged factual basis for Detective Struska signing the felony complaint against Plaintiff was that Plaintiff allegedly admitted to causing the criminal damage to property.

11. However, Plaintiff never admitted to causing the criminal damage to property.

12. Detective Struska never heard Plaintiff admit to causing criminal damage to property.

13. In support of this felony charge Detective Struska claimed that Defendant Marlar told Detective Struska Plaintiff admitted to causing the criminal damage to property.

14. Plaintiff never told Defendant Marlar that he caused the criminal damage to property.

15. Detective Struska's claim that Plaintiff admitted to causing the criminal damage to property was false, and he knew it was false when he signed a felony complaint against Plaintiff.

16. Pleading in the alternative, Defendant Marlar knew that Plaintiff never admitted to causing criminal damage to property but he knowingly lied to Detective Struska when he told Struska that Plaintiff had admitted to causing criminal damage to property. Defendant Marlar told this lie to Detective Struska with the knowledge and purpose that it would result in Plaintiff being charged and prosecuted for a crime.

17. Defendant Marlar is currently the Town of Cicero's Director of Vehicle Storage and Towing. Prior to being appointed to this position Defendant Marlar was a long-time and high-ranking member of the Cicero Police Department.

18. Pleading in the alternative, Defendants Struska and Marlar jointly caused Plaintiff to be arrested and charged based upon the allegation, they knew to false, that Plaintiff admitted to causing criminal damage to property.

19. Without Plaintiff's alleged admission to causing criminal damage to property there were no facts known to Defendants Struska or Marlar indicating Plaintiff had caused criminal damage to property.

20. Struska did not have probable cause to have Plaintiff to be charged with criminal damage to property.

21. Pleading in the alternative, Marlar did not have probable cause to falsely claim to Defendant Struska that Plaintiff had admitted to causing criminal damage to property.

22. By reason of the above-described acts and omissions, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

23. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the

awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

24. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff against Defendant Struska**
**for**
**MALICIOUS PROSECUTION**
**(FOURTH AMENDMENT)**

25. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

26. Defendant Struska caused Plaintiff to be subjected to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

27. Defendant did not have probable cause to believe Plaintiff had committed any crime.

28. Defendant knew that Plaintiff's arrest, detention, and criminal prosecution were not based upon sufficient evidence to reasonably conclude Plaintiff had committed any crime.

29. The criminal charge initiated against Plaintiff terminated in Plaintiff's favor when he was found not guilty on October 30, 2024.

30. As a result of the foregoing, Plaintiff has sustained damage related to being falsely charged with one or more crimes from the date of his arrest until the date of his acquittal.

31. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

32. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendant violated Plaintiff's Fourth Amendment rights in the following manner: (1) Causing Plaintiff to be subjected to a criminal prosecution based upon an allegation that he knew to be false. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff against Defendant Marlar**
**for**
**MALICIOUS PROSECUTION**
**(FOURTH AMENDMENT)**

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

34. Defendant Marlar caused Plaintiff to be subjected to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

35. Defendant did not have probable cause to believe Plaintiff had committed any crime.

36. Defendant knew that Plaintiff's arrest, detention, and criminal prosecution were not based upon sufficient evidence to reasonably conclude Plaintiff had committed any crime.

37. The criminal charge initiated against Plaintiff terminated in Plaintiff's favor when he was found not guilty on October 30, 2024.

38. As a result of the foregoing, Plaintiff has sustained damage related to being falsely charged with one or more crimes from the date of his arrest until the date of his acquittal.

39. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

40. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendant violated Plaintiff's Fourth Amendment rights in the following manner: (1) Causing Plaintiff to be subjected to a criminal prosecution based upon an allegation that he knew to be false. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**Plaintiff Against Struska, Marlar, and the Town of Cicero For**
**MALICIOUS PROSECUTION**
**(Illinois Tort)**

41. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully alleged at this place.

42. Defendants Struska and Marlar, who were employed by the Town of Cicero, maliciously commenced and/or caused to be continued legal proceedings against Plaintiff falsely alleging that Plaintiff admitted to one or more crimes.

43. Plaintiff did not commit any of the criminal acts for which he was prosecuted.

44. Defendants did not have any forensic or physical evidence indicating Plaintiff committed any of the crimes for which he was prosecuted.

45. Defendants did not have reliable information from any witness indicating Plaintiff committed any of the crimes for which he was prosecuted.

46. Defendants falsely alleged to prosecutors that Plaintiff admitted to committing one or more crimes.

47. This false information was a proximate cause of Plaintiff being subjected to a criminal prosecution as it was relied upon by prosecutors in the decision to commence and/or continue the prosecution of Plaintiff.

48. Defendants knew that Plaintiff's criminal prosecution was not based upon sufficient evidence to conclude Plaintiff had committed the crimes for which he was charged.

49. The criminal charges Defendants proximately caused to be initiated against Plaintiff terminated in Plaintiff's favor when he was found not guilty of all charges on October 30, 2024.

50. The criminal the charges against Plaintiff were not resolved by any plea negotiation, agreement, or compromise between Plaintiff and any prosecuting attorney.

51. As a result of Defendants causing these baseless legal proceedings Plaintiff was injured emotionally and otherwise.

52. The Town of Cicero is liable to Plaintiff for the acts of Defendants Struska and Marlar pursuant to the doctrine of *respondeat superior*.

53. Therefore, Defendants Struska, Marlar, and the Town of Cicero are liable for the Illinois tort claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than Town of Cicero be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
Suite 425
118 North Clinton St.
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne
Attorneys for Plaintiff
ED FOX & ASSOCIATES, Ltd.
Suite 425
118 North Clinton St.
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com